PROB 12C
(REVISED 2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 31]

Name of Offender: <u>Adarion C. Morris</u>  Case Number: <u>3:09-00162</u>

Name of Current Judicial Officer: <u>The Honorable Todd J. Campbell, U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>The Honorable Robert L. Echols, U.S. District Judge</u>

Date of Original Sentence: <u>April 20, 2010</u>

Original Offense: <u>18 U.S.C. § 922 (g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>54 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>February 15, 2013</u>

Assistant U.S. Attorney: <u>Lynne T. Ingram</u>  Defense Attorney: <u>Isaiah S. Gant</u>

### PETITIONING THE COURT

___  To issue a Summons.
___  To issue a Warrant.
_X_  To Consider Additional Violations/Information

**THE COURT ORDERS:**

☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshall only)
☐ The Issuance of a Summons
☒ The Consideration of Additional Violations/Information
☐ Other

Considered this _9_ day of _July_, 2013,
and made a part of the records in the above case.

_____
Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place   Nashville, Tennessee

Date    July 8, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 31, has been amended as follows:

> Violation No. 1 - has been amended to include dismissal of previously reported criminal charges and addition of a new criminal charge
>
> Sentencing Recommendation page - has been amended to reflect a Grade B violation

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
| --- | --- |
| 1. | **The defendant shall not commit another federal, state or local crime.** |

On June 4, 2013, Mr. Morris was arrested by the Metropolitan Nashville Police Department and charged with four counts of Aggravated Assault with a Deadly Weapon-Reckless, a class D Felony. According to the affidavits, which are attached for Your Honor's review, Mr. Morris ran toward four females and cornered them in an alley so they could not have an escape route. One of the victims pulled the other women together and covered them with her body. Mr. Morris began hitting her with a tree branch causing severe cuts to her right arm. One of the victims retrieved her pepper spray and sprayed Mr. Morris in the face. After being sprayed in the face, he pulled a handgun from his waistband and pointed it at the victims. He did not shoot the handgun, but after pointing it at the victims, he ran away.

The probation officer spoke with Mr. Morris on June 4 and June 5, 2013. According to Mr. Morris, all of the allegations are false. He reportedly stepped in to break up a fight between the females and his child's mother. Due to jealousy of his child's mother, and anger over his involvement in breaking up the fight, Mr. Morris claims the females falsely alleged that he attacked them. Mr. Morris had four different people call the probation officer as reported witnesses the night of the event in question. They all stated that the allegations were false and he merely stepped in to stop a fight.

Mr. Morris had a total bond of $12,000. He bonded out on June 4, 2013. The charges were dismissed on July 1, 2013, in Davidson County General Sessions Court.

On June 17, 2013, Mr. Morris was arrested by the Metropolitan Nashville Police Department and charged with False Report-Incident or Offense, a class D felony. According to the affidavit, which is attached for Your Honor's review, Mr. Morris told officers that he was at a friend's residence and was having issues dealing with his child's mother, Latonya Bright. He stated that Ms. Bright showed up at the residence, struck his vehicle and fled the scene. He further stated that Ms. Bright threw their son out of the vehicle while she fled the scene. He fled the scene also, yet she followed him. Mr. Morris initially told the arresting officer that Ms. Bright showed up wanting to argue. He stated that he ignored her and attempted to leave. While standing at the driver side of his vehicle, Ms. Bright drove her vehicle toward him and struck the rear driver side of his vehicle. He then advised that the front passenger in Ms. Bright's vehicle, Kanette Campbell, threw the child out of the vehicle as it fled the scene. Latonya Bright, her child, and Kanette Campbell arrived while the arresting officer was investigating the reported events. Ms. Bright stated that Mr. Morris told her to get out of the vehicle to get the gift from his vehicle. When she got out, they had a scuffle. She observed him with a gun in his lap. Ms. Bright then told Mr. Morris that she was calling the police. Mr. Morris got into his vehicle and fled the scene, but while leaving the

scene, struck her parked car. Ms. Bright stated that her son was in her vehicle the entire time and never was thrown out of the vehicle. Kanette Campbell verified Ms. Bright's story, that the child was never in any danger. The arresting officer inspected both vehicles and concluded that Mr. Morris was not being truthful and he was taken into custody.

Mr. Morris had a bond of $25,000 and bonded out on June 17, 2013. His next court date is scheduled for July 9, 2013, in Davidson County General Sessions Court.

Additionally, on April 22, 2013, Mr. Morris was issued a citation by the Metro Nashville Police Department for Driving on a Suspended License. On April 30, 2013, he was issued another citation by the Metro Nashville Police Department for Driving on a Suspended License. On May 24, 2013, one of the charges of Driving on a Suspended License was dismissed. His next court date for the remaining driving offense is July 31, 2013.

2. **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

   During the month of May 2013, Mr. Morris moved to a new residence. He failed to notify the probation officer prior to the move. He provided the address to the new residence on June 3, 2013.

3. **The defendant shall participate in a program of drug testing and substance abuse treatment.**

   Mr. Morris failed to report for random drug testing on March 7, 2013, and cancelled a scheduled substance abuse assessment on March 28, 2013. Following the missed drug test on March 7, 2013, he reported to the probation office on March 8, 2013, and submitted a urine sample that tested negative for illegal drugs. Since starting supervised release, he has submitted urine samples on eight occasions that have all tested negative for illegal drugs.

   A substance abuse intake assessment was completed on May 16, 2013. No treatment was recommended at that time.

4. **The defendant shall follow the instructions of the probation officer.**

   Due to Mr. Morris remaining unemployed since the start of supervised release, he was instructed on April 23, 2013, to submit job search logs monthly to verify his job search efforts. He has failed to submit any job search logs to date.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Morris began supervised release on February 15, 2013, and is scheduled to terminate supervision on February 14, 2016.

A report was submitted on May 9, 2013, to inform that Mr. Morris had been issued a citation for Driving on a Suspended License, failed to report for drug testing on one occasion and cancelled a scheduled substance abuse assessment.

Mr. Morris reported to the probation office on June 17, 2013, and was taken into custody. On June 20, 2013, he was ordered to be detained pending the revocation hearing. He has remained in custody to date.

**Update of Offender Characteristics**:

Mr. Morris has remained unemployed since beginning supervised release. Prior to release from custody, Mr. Morris received an inheritance check in excess of $13,000. He is reportedly considering investing in a cleaning franchise with his fiancée.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional violations and information be considered at the revocation hearing scheduled before Your Honor on July 18, 2013. This matter has been reported to the U.S. Attorney's Office and they concur with the recommendation.

Approved by: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ADARION C. MORRIS, CASE NO. 3:09-00162

**GRADE OF VIOLATION:**     B
**CRIMINAL HISTORY:**     III

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(1) | No recommendation |

18 U.S.C.§ 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding a Grade B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

_____
Joshua Smith
U.S. Probation Officer


Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

PROSECUTOR: AMESIA FLEMING
DEFENDANT: ADARION MORRIS
VICTIM: AMESIA FLEMING

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
AGGRAVATED ASSAULT
T.C.A. 39-13-102
(SERIOUS BODILY INJURY OR WEAPON)

Personally appeared before me, the undersigned, [Select one] _X_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] ___ he _X_ she [Select one] _X_ personally observed ___ has probable cause to believe that the defendant named above on 06/04/2013 in Davidson County, did unlawfully, [Select one] _X_ intentionally, knowingly or recklessly cause bodily injury to the victim named above ___ intentionally or knowingly cause the victim named above to reasonably fear imminent bodily injury ___ intentionally or knowingly cause physical contact with the victim named above and a reasonable person would regard the contact as extremely offensive or provocative; and [Select one] _X_ the defendant caused serious bodily injury to the victim OR ___ the defendant used or displayed a deadly weapon. *The probable cause is as follows*:

ON 06/04/2013 AROUND 0200 HOURS THE VICTIMS WERE WALKING ON BLANK STREET TOWARDS FISK. WHILE THEY WERE WALKING A MALE WEARING LIGHT BLUE SHORTS, WHITE TEE SHIRT AND WHITE TENNIS SHOES CAME RUNNING TOWARDS THEM. AFTER SEEING THE MAN RUNNING TOWARDS THEM, THE VICTIMS BEGAN RUNNING DOWN BLANK STREET TO GET AWAY FROM HIM. THE VICTIMS TURNED INTO AN ALLY WHICH WAS BLOCK SO THEY COULD NOT HAVE AN ESCAPE ROUTE. ONCE IN THE ALLY THE DEFENDANT APPROACHED. DEANGELIS LEWIS PULLED THE OTHER VICTIMS INTO A GROUP AND PUT HER BODY OVER THEM. WHILE MS. FLEMING'S BODY WAS OVER THE GIRLS THE DEFENDANT BEGAN HITTING MS. FLEMING'S WITH A TREE BRANCH CAUSING SEVER CUTS TO THE VICTIMS RIGHT ARM. MS. LEWIS WAS ALSO HIT WITH THE TREE BRANCH. AFTER BEING HIT WITH THE BRANCH MS. FLEMING WAS ABLE TO GET TO HER PEPPER SPRAY AND SPRAY THE DEFENDANT IN THE FACE. AFTER BEING SPRAYED IN THE FACE THE DEFENDANT PULLED A HANDGUN FROM HIS WAIST BAND AND POINTED IT AT THE VICTIMS. THE DEFENDANT DID NOT SHOOT THE HANDGUN, BUT AFTER POINTING IT AT THE VICTIMS HE RAN AWAY AND THE DEFENDANTS LEFT AND RETURNED TO 2400 BUENA VISTA TO MAKE THE REPORT.

Prosecutor: Amesia Fleming

ARREST WARRANT

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense
of Assault, Aggravated - Deadly Weapon- Reckless D FELONY, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 06/04/2013 03:41:55

Norman Harris
Judge of the Metropolitan General Sessions Court/Commissioner

sxn1134COMPLAINT NUMBER: 2013-0527321    WARRANT NUMBER:
GS634297

PROSECUTOR: LAMONTEISHA JOHNSON
DEFENDANT: ADARION MORRIS
VICTIM: DEANGELIS LEWIS

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
**AGGRAVATED ASSAULT**
T.C.A. 39-13-102
(SERIOUS BODILY INJURY OR WEAPON)

Personally appeared before me, the undersigned, [Select one] _X_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] ___ he _X_ she [Select one] _X_ personally observed ___ has probable cause to believe that the defendant named above on 06/04/2013 in Davidson County, did unlawfully, [Select one] ___ intentionally, knowingly or recklessly cause bodily injury to the victim named above _X_ intentionally or knowingly cause the victim named above to reasonably fear imminent bodily injury ___ intentionally or knowingly cause physical contact with the victim named above and a reasonable person would regard the contact as extremely offensive or provocative; and [Select one] ___ the defendant caused serious bodily injury to the victim OR _X_ the defendant used or displayed a deadly weapon. *The probable cause is as follows*:

ON 06/04/2013 AROUND 0200 HOURS THE VICTIMS WERE WALKING ON BLANK STREET TOWARDS FISK. WHILE THEY WERE WALKING A MALE WEARING LIGHT BLUE SHORTS, WHITE TEE SHIRT AND WHITE TENNIS SHOES CAME RUNNING TOWARDS THEM. AFTER SEEING THE MAN RUNNING TOWARDS THEM, THE VICTIMS BEGAN RUNNING DOWN BLANK STREET TO GET AWAY FROM HIM. THE VICTIMS TURNED INTO AN ALLY WHICH WAS BLOCK SO THEY COULD NOT HAVE AN ESCAPE ROUTE. ONCE IN THE ALLY THE DEFENDANT APPROACHED. DEANGELIS LEWIS PULLED THE OTHER VICTIMS INTO A GROUP AND PUT HER BODY OVER THEM. WHILE MS. FLEMING'S BODY WAS OVER THE GIRLS THE DEFENDANT BEGAN HITTING MS. FLEMING'S WITH A TREE BRANCH CAUSING SEVER CUTS TO THE VICTIMS RIGHT ARM. MS. LEWIS WAS ALSO HIT WITH THE TREE BRANCH. AFTER BEING HIT WITH THE BRANCH MS. FLEMING WAS ABLE TO GET TO HER PEPPER SPRAY AND SPRAY THE DEFENDANT IN THE FACE. AFTER BEING SPRAYED IN THE FACE THE DEFENDANT PULLED A HANDGUN FROM HIS WAIST BAND AND POINTED IT AT THE VICTIMS. THE DEFENDANT DID NOT SHOOT THE HANDGUN, BUT AFTER POINTING IT AT THE VICTIMS HE RAN AWAY AND THE DEFENDANTS LEFT AND RETURNED TO 2400 BUENA VISTA TO MAKE THE REPORT.

Prosecutor: Lamonteisha Johnson

## ARREST WARRANT

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense
of Assault, Aggravated - Deadly Weapon- Reckless D FELONY, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 06/04/2013 03:43:23

Norman Harris
Judge of the Metropolitan General Sessions Court/Commissioner

sxn1134 COMPLAINT NUMBER: 2013-0527321    WARRANT NUMBER:
GS634298

PROSECUTOR: DOMINIQUE STONE
DEFENDANT: ADARION MORRIS
VICTIM: LAMONTEISHA JOHNSON

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
**AGGRAVATED ASSAULT**
T.C.A. 39-13-102
(SERIOUS BODILY INJURY OR WEAPON)

Personally appeared before me, the undersigned, [Select one] _X__ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] ___ he _X_ she [Select one] _X__ personally observed ___ has probable cause to believe that the defendant named above on 06/04/2013 in Davidson County, did unlawfully, [Select one] ___ intentionally, knowingly or recklessly cause bodily injury to the victim named above _X__ intentionally or knowingly cause the victim named above to reasonably fear imminent bodily injury ___ intentionally or knowingly cause physical contact with the victim named above and a reasonable person would regard the contact as extremely offensive or provocative; and [Select one] ___ the defendant caused serious bodily injury to the victim OR _X__ the defendant used or displayed a deadly weapon. *The probable cause is as follows*:

ON 06/04/2013 AROUND 0200 HOURS THE VICTIMS WERE WALKING ON BLANK STREET TOWARDS FISK. WHILE THEY WERE WALKING A MALE WEARING LIGHT BLUE SHORTS, WHITE TEE SHIRT AND WHITE TENNIS SHOES CAME RUNNING TOWARDS THEM. AFTER SEEING THE MAN RUNNING TOWARDS THEM, THE VICTIMS BEGAN RUNNING DOWN BLANK STREET TO GET AWAY FROM HIM. THE VICTIMS TURNED INTO AN ALLY WHICH WAS BLOCK SO THEY COULD NOT HAVE AN ESCAPE ROUTE. ONCE IN THE ALLY THE DEFENDANT APPROACHED. DEANGELIS LEWIS PULLED THE OTHER VICTIMS INTO A GROUP AND PUT HER BODY OVER THEM. WHILE MS. FLEMING'S BODY WAS OVER THE GIRLS THE DEFENDANT BEGAN HITTING MS. FLEMING'S WITH A TREE BRANCH CAUSING SEVER CUTS TO THE VICTIMS RIGHT ARM. MS. LEWIS WAS ALSO HIT WITH THE TREE BRANCH. AFTER BEING HIT WITH THE BRANCH MS. FLEMING WAS ABLE TO GET TO HER PEPPER SPRAY AND SPRAY THE DEFENDANT IN THE FACE. AFTER BEING SPRAYED IN THE FACE THE DEFENDANT PULLED A HANDGUN FROM HIS WAIST BAND AND POINTED IT AT THE VICTIMS. THE DEFENDANT DID NOT SHOOT THE HANDGUN, BUT AFTER POINTING IT AT THE VICTIMS HE RAN AWAY AND THE DEFENDANTS LEFT AND RETURNED TO 2400 BUENA VISTA TO MAKE THE REPORT.

Prosecutor: Dominique Stone

**ARREST WARRANT**

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense
of Assault, Aggravated - Deadly Weapon- Reckless D FELONY, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 06/04/2013 03:44:39

Norman Harris
Judge of the Metropolitan General Sessions Court/Commissioner

PROSECUTOR: DEANGELIS LEWIS
DEFENDANT: ADARION MORRIS
VICTIM: DEANGELIS LEWIS

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
**AGGRAVATED ASSAULT**
T.C.A. 39-13-102
(SERIOUS BODILY INJURY OR WEAPON)

Personally appeared before me, the undersigned, [Select one] __X_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that    [Select one] ___ he _X_ she [Select one] _X_ personally observed ___ has probable cause to believe that the defendant named above on 06/04/2013 in Davidson County, did unlawfully, [Select one] _X_ intentionally, knowingly or recklessly cause bodily injury to the victim named above ___ intentionally or knowingly cause the victim named above to reasonably fear imminent bodily injury ___ intentionally or knowingly cause physical contact with the victim named above and a reasonable person would regard the contact as extremely offensive or provocative; and [Select one] ___ the defendant caused serious bodily injury to the victim OR ___ the defendant used or displayed a deadly weapon. *The probable cause is as follows*:

ON 06/04/2013 AROUND 0200 HOURS THE VICTIMS WERE WALKING ON BLANK STREET TOWARDS FISK. WHILE THEY WERE WALKING A MALE WEARING LIGHT BLUE SHORTS, WHITE TEE SHIRT AND WHITE TENNIS SHOES CAME RUNNING TOWARDS THEM. AFTER SEEING THE MAN RUNNING TOWARDS THEM, THE VICTIMS BEGAN RUNNING DOWN BLANK STREET TO GET AWAY FROM HIM. THE VICTIMS TURNED INTO AN ALLY WHICH WAS BLOCK SO THEY COULD NOT HAVE AN ESCAPE ROUTE. ONCE IN THE ALLY THE DEFENDANT APPROACHED. DEANGELIS LEWIS PULLED THE OTHER VICTIMS INTO A GROUP AND PUT HER BODY OVER THEM. WHILE MS. FLEMING'S BODY WAS OVER THE GIRLS THE DEFENDANT BEGAN HITTING MS. FLEMING'S WITH A TREE BRANCH CAUSING SEVER CUTS TO THE VICTIMS RIGHT ARM. MS. LEWIS WAS ALSO HIT WITH THE TREE BRANCH. AFTER BEING HIT WITH THE BRANCH MS. FLEMING WAS ABLE TO GET TO HER PEPPER SPRAY AND SPRAY THE DEFENDANT IN THE FACE. AFTER BEING SPRAYED IN THE FACE THE DEFENDANT PULLED A HANDGUN FROM HIS WAIST BAND AND POINTED IT AT THE VICTIMS. THE DEFENDANT DID NOT SHOOT THE HANDGUN, BUT AFTER POINTING IT AT THE VICTIMS HE RAN AWAY AND THE DEFENDANTS LEFT AND RETURNED TO 2400 BUENA VISTA TO MAKE THE REPORT.

Prosecutor: Deangelis   Lewis

**ARREST WARRANT**

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense
of Assault, Aggravated - Deadly Weapon- Reckless D FELONY, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 06/04/2013 03:45:27

Norman Harris
Judge of the Metropolitan General Sessions Court/Commissioner

sxn1134 COMPLAINT NUMBER: 2013-0572777    WARRANT NUMBER: GS636161

PROSECUTOR: Clifton L Knight
DEFENDANT: Adarion C Morris
VICTIM:    Clifton L Knight

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
False Report- Incident or Offense
39-16-502(a)(1)*3

Personally appeared before me, the undersigned, **[Select one]** _x_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that **[Select one]** _x_ he ___ she **[Select one]** ___ personally observed _x_ has probable cause to believe that the defendant named above on 06/17/2013 in Davidson County, *did unlawfully* initiate a report or statement to a law enforcement officer concerning an offense or incident within the officer's concern knowing that the offense or incident reported did not occur, and the information relating to the offense reported is false and that *the probable cause is as follows*:

Morris and Latonya Bright share a three year old son together. Initially, Morris told officers that he was at a friend's residence at 1601 Herman St. He and Bright argued about issues dealing with the child and called and text messaged each other. Morris then stated that suddenly Bright showed up and struck his vehicle and fled the scene. Morris further stated that Bright threw their son out of the vehicle while she fled the scene. He fled the scene also, yet Bright followed him and he called police and went to Night Court to report the incident.
Morris initially told me that he and while at the friend's residence, Bright showed up wanting to argue. He said that he ignored her and attempted to leave. While standing at the driver side of his vehicle, Bright drove her vehicle (from behind traveling the same direction) towards him and struck the rear driver side of the vehicle and fled the scene. He then advised the front passenger (Kanette Campbell) in Bright's vehicle threw their child out of the vehicle as it fled the scene.
Latonya Bright, her 4 year old son, and Kanette Campbell arrived at Night Court while investigating the incident. Bright stated that she and Morris got into an argument via cell phones through text messages and calling each other. Morris then told her to meet him at 1601 Herman St. to get a birthday gift for their child. She met Morris in the parking lot area at the residence and parked her vehicle next to his (Bright's vehicle on the left in the roadway, and Morris' vehicle on the right shoulder). She stated that Morris told her to get out of the vehicle to get the gift from his vehicle. Bright added when she got out, they had a scuffle. She also stated that she observed him with a gun sitting in his lap. Bright then told Morris she was calling police. Bright further stated that Morris got into his vehicle and fled the scene. However, he struck her parked vehicle while fleeing the scene. She then went to Night Court to report the incident to police. Bright also added that her son was in her vehicle the entire time and never was thrown out of the vehicle. I did not observe any injuries or consistent evidence with a three year old being thrown from a vehicle. Campbell stated the same as Bright and that the child never was in any danger.
I then went to confront Morris about his statement about the child being thrown from the vehicle. He then added that some unknown person was running next to their vehicle and caught the child before he hit the ground. I also observed the damage on both vehicles. Morris' vehicle (Mazda) had damage on the driver side. The scuffs marks traveled from front to rear. Bright's vehicle (Jeep) had damage on the front near the passenger side. The scuff marks traveled from rear to front. This suggested that Morris' vehicle was traveling forward when it struck Bright's vehicle. This also suggested, along with Morris' statement about the child being thrown from the vehicle, that Morris was not being truthful. It is believed that Morris gave his falsely reported statements to police because Bright threatened to call police.

ESignature
_____
Prosecutor: Clifton L Knight   00010230
_____

_____
ARREST WARRANT
_____

_____
Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense
of False Report- Incident or Offense D FELONY, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 06/17/2013 03:03:39 .

_____
Thomas Edward Nelson

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Adarion C Morris

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00162 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 4 / 20 / 2010
                                     month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| new criminal charges | B |
| failure to notify prior to a move | C |
| failure to report for drug testing/substance abuse assessment | C |
| failure to submit job search logs | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — **B**

9. **Criminal History Category** *(see §7B1.4(a))* — **III**

10. **Range of Imprisonment** *(see §7B1.4(a))* — **8-14 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Adarion C Morris

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____    Community Confinement _____

   Fine($)      _____    Home Detention         _____

   Other        _____    Intermittent Confinement _____

13. **Supervised Release**
   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: 1 _____ to 3 _____ years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____
   imprisonment:

14. **Departure**
   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002