PROB 12C
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Petition for Summons for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 53]

Name of Offender: Adarion C. Morris   Case Number: 3:09-00162

Name of Current Judicial Officer: The Honorable Todd J. Campbell, U.S. District Judge

Name of Sentencing Judicial Officer: The Honorable Robert L. Echols, U.S. District Judge

Date of Original Sentence: April 20, 2010

Original Offense: 18 U.S.C. § 922 (g)(1), Felon in Possession of a Firearm

Original Sentence: 54 months' custody and 3 years' supervised release

Type of Supervision: Supervised Release   Date Supervision Commenced: February 15, 2013

Assistant U.S. Attorney: Lynne T. Ingram   Defense Attorney: Isaiah S. Grant

### PETITIONING THE COURT

____ To issue a Summons.
____ To issue a Warrant.
__X__ To Consider Additional Violations/Information

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
 ☐ Sealed Pending Warrant Execution
  (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ The Consideration of Additional Violations/Information
☐ Other

Considered this 21 day of Feb, 2014, and made a part of the records in the above case.

_____
Todd J. Campbell
U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place   Nashville, Tennessee

Date
   February 18, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 53, has been amended as follows:

    Violation No. 3 - has been amended to include an additional criminal charge/information.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the Probation Officer.** |

    Mr. Morris has tested positive for illegal drugs on 3 occasions, August 12, 2013; December 19, 2013; and January 3, 2014. He tested positive for cocaine on August 12, 2013, and January 3, 2014. He tested positive for marijuana on December 19, 2013, and January 3, 2014. He has continued to deny drug use.

    Mr. Morris failed to report for drug testing on two occasions, March 7, 2013, and December 26, 2013. After failing to report on March 7, 2013, he reported on March 8, 2013, and tested negative for illegal drugs. After failing to report on December 26, 2013, he reported on December 27, 2013, and tested negative for illegal drugs. He has tested negative for illegal drugs on 21 occasions.

    Mr. Morris submitted diluted urine samples for drug testing on 2 occasions, August 20, 2013, and September 25, 2013. His urine was severely diluted on September 25, 2013, and he was instructed to report for drug testing on September 26, 2013. He reported for drug testing on September 26, 2013, and tested negative for illegal drugs.

    The probation officer was notified by the treatment provider in December of 2013 that Mr. Morris had been repetitively disruptive, agitated, and uncommitted to the treatment process. The probation officer was informed that he had fallen asleep in the substance abuse treatment program on two occasions. Mr. Morris was terminated from substance abuse treatment on January 6, 2014.

| | |
|---|---|
| 2. | **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.** |

    On August 24, 2013, Mr. Morris notified the probation officer that after having a conflict with his girlfriend, she required him to leave the residence. He left the residence and remained with a friend until September 3, 2013, when he moved back in. He had not been given permission prior to moving from the residence.

    On January 3, 2014, Mr. Morris met with the probation officer and informed that he had moved again after having conflict with his girlfriend. He provided the new address to the probation officer. He had not been given permission prior to moving from the residence.

3. **The defendant shall not commit another federal, state or local crime.**

   On November 21, 2013, Mr. Morris was issued a citation by the Metropolitan Nashville Police Department (MNPD) for Driving on a Suspended License. On December 13, 2013, he was found guilty of No Driver's License in Davidson County General Sessions Court and sentenced to 90 days custody, suspended, and ordered to pay $198.98 of court costs.

   On December 14, 2013, Mr. Morris was issued a citation by the MNPD for Driving on a Suspended License, 2nd Offense. On January 3, 2014, he was found guilty of Driving on a Suspended License, 2nd Offense, in Davidson County General Sessions Court and ordered to pay $319.50 of court costs.

   **Mr. Morris was arrested by the U.S. Marshals Service on February 6, 2014, upon notification that there was an active warrant with the Metropolitan Nashville Police Department for the charge of Domestic Assault. Mr. Morris was transported to the Davidson County Sheriff's Department and booked on the charges.**

   **According to the affidavit, the police were called by the victim, Kyamma Vaughn, the recently married wife of Mr. Morris, on January 26, 2014. She reported to the police that she got into an argument with Mr. Morris over her cellular phone. During the argument, he began to punch and hit her. She stated that Mr. Morris then pulled her to the ground and began kicking her. Ms. Vaughn's mother was a witness to the incident and called the police, causing Mr. Morris to leave the scene. Mr. Morris bonded out of custody on February 7, 2014. His next court date is scheduled for February 27, 2014, in Davidson County General Sessions Court.**

   **The probation officer was contacted by Ms. Vaughn, who is now married to Mr. Morris. She stated that she had called the police on the date of the reported incident because they got into a fight. She reported to the probation officer that all of the allegations in the affidavit are lies, and she called the police to retaliate against Mr. Morris due to their conflict. She had not been previously aware that a warrant was issued as a result of the reported incident.**

4. **The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.**

   Mr. Morris has remained unemployed since he began supervision.


**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Morris began supervised release on February 15, 2013, and is scheduled to terminate supervision on May 14, 2016.

A report was submitted on May 9, 2013, to inform that Mr. Morris had been issued a citation for Driving on a Suspended License, failed to report for drug testing on one occasion, and cancelled a scheduled substance abuse assessment. A substance abuse assessment was completed on May 16, 2013, and outpatient substance abuse treatment was recommended.

A petition was submitted on June 6, 2013, to inform that Mr. Morris had been charged with four counts of Aggravated Assault with a Deadly Weapon; moved without prior notice; failed to report for drug testing on one occasion; failed to report for a substance abuse assessment; and had remained unemployed since the start of supervised release, failing to submit proof of job search efforts as instructed. Mr. Morris reported to the probation office on June 17, 2013, and was taken into custody. On June 20, 2013, he was ordered to be detained pending the revocation hearing.

A superseding petition was submitted on July 8, 2013, to inform that Mr. Morris had been charged with False Report-Felony and to report that the four counts of Aggravated Assault with a Deadly Weapon were dismissed. Mr. Morris was convicted of the reduced charge of Disorderly Conduct in Davidson County General Sessions Court.

A revocation hearing was held before Your Honor on July 31, 2013. As a result of the hearing, the supervised release for Mr. Morris was extended three months, and he was ordered to participate in three months home confinement.

A report was submitted on October 30, 2013, to inform that Mr. Morris had tested positive for cocaine and had multiple infractions with home confinement. He completed his home confinement period on November 21, 2013.

As a result of the positive drug test in August 2013, he was referred back to substance abuse treatment remained in substance abuse treatment until his termination on January 6, 2014. Following his termination from substance abuse treatment, he expressed a desire to return to substance abuse treatment. Documentation has been submitted to re-enroll him into substance abuse treatment. He was previously instructed in April 2013 to submit job search logs to verify his job search efforts. He submitted job search logs in September 2013. He has been referred to Goodwill, Project Return, and the Career Coach for job placement or job training assistance.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional violations/information be considered at the revocation hearing scheduled before Your Honor on February 24, 2014.

The U. S. Attorney's Office has been notified of this recommendation and concur with the recommendation.

Approved: _____
Vidette Putman
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. ADARION C. MORRIS, CASE NO. 3:09-00162

**GRADE OF VIOLATION:**     C  
**CRIMINAL HISTORY:**     III

**ORIGINAL OFFENSE DATE:**     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) <br> *18 U.S.C. § 3583(e)(3)* | 5-11 months <br> *U.S.S.G. § 7B1.4(a)* | no recommendation |
| SUPERVISED RELEASE: | 3 years minus any term of imprisonment <br> *18 U.S.C. § 3583(h)* | 1-3 years <br> *U.S.S.G. § 5D1.2(a)(2)* | no recommendation |

**Statutory Provisions:** Pursuant to 18 U.S.C. § 3583(g), the Court shall revoke the term of supervised release if the defendant possessed a controlled substance or if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant 18 U.S.C. § 3583(d), the Court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** In the case of a Grade C violation, the Court may revoke supervised release or modify the conditions of supervision under § 7B1.3(a)(2). Where the minimum term of imprisonment determined under § 7B1.4, is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term. § 7B1.3(c)(1).

Respectfully Submitted,

*/s/ Joshua Smith*  
Joshua Smith  
U.S. Probation Officer

Approved: */s/ Vidette Putman*  
Vidette Putman  
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Adarion C Morris

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:09CR00162 - 1

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 4 / 20 / 2010
                                 month   day   year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | positive drug tests/failure to report for drug testing | C |
   | failure to notify prior to changing residences | C |
   | criminal charges | C |
   | failure to obtain employment | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    **C**

9. **Criminal History Category** *(see §7B1.4(a))*    **III**

10. **Range of Imprisonment** *(see §7B1.4(a))*    **5-11 months**

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Adarion C Morris

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)        _____    Home Detention            _____

    Other          _____    Intermittent Confinement  _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 1 _____ to 3 _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002